IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD KISHBACH**, | : | CIVIL ACTION NO. 1:06-CV-01122 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **DAVID DIGUGLIELMO, et al.**, | : | |
| Respondents. | : | |

## **MEMORANDUM**

Petitioner, Edward Kishbach, an inmate currently incarcerated at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has submitted the required filing fee for this action.[1] Named as respondents are David DiGuglielmo, superintendent of SCI-Graterford; the district attorney of Luzerne County; and, the attorney general of Pennsylvania. This court has jurisdiction to entertain the habeas corpus petition under 28 U.S.C. § 2241, and the matter is now ripe for consideration. For the reasons that follow, the petition will be denied, without prejudice, for failure to exhaust state court remedies.

**I.   Background**

In his petition, petitioner challenges his convictions on three criminal informations, nos. 3177, 3178, and 2463, in the Court of Common Pleas of Luzerne

---

[1] Petitioner originally filed his petition in the Eastern District of Pennsylvania, and submitted the required filing fee there. By order dated June 3, 2006, the United States District Court for the Eastern District of Pennsylvania transferred the case to this court on the basis that petitioner's habeas petition challenges a decision of a state trial court located within the Middle District of Pennsylvania. (See 28 U.S.C. § 2241(d); Doc. 1, part 9.)

County ("trial court"). In criminal information nos. 3177 and 3178, petitioner was charged separately with possession with intent to deliver, two counts of possession of a controlled substance, and possession of drug paraphernalia, totaling eight (8) counts for drug offenses. Following a non-jury trial, petitioner was found guilty on all counts on March 27, 1996. On May 28, 1996, petitioner was sentenced on criminal information no. 3177 to a term of incarceration of five (5) to ten (10) years followed by consecutive sentences of probation totaling two (2) years. At the same sentencing hearing, on criminal information no. 3178 petitioner was sentenced to seven (7) to fourteen (14) years of incarceration and two (2) years of probation, to run consecutively to criminal information no. 3177.

On June 27, 1996, petitioner, through court-appointed counsel, filed a notice of appeal on both convictions to the Superior Court of Pennsylvania.[2] However, on February 6, 1997, the Superior Court dismissed the appeal without prejudice for failure to file a brief. (Exhibit C of Petition at 2, Doc. 1, Part 2 at 58.) Following this dismissal, on February 24, 1997, petitioner filed, *pro se*, a petition under Pennsylvania's Post Conviction Relief Act ("PCRA")[3] in the trial court, raising an ineffective assistance of counsel claim based on counsel's failure to file a brief in

---

[2] That appeal is not in the record; however, the record shows that the trial court issued an order on June 28, 1996, directing petitioner to file a concise statement of matters complained of on appeal pursuant to Pa. R. Crim. P. 1925(b). (Exhibit B of Petition at 2, Doc. 1, Part 2 at 54.) Petitioner, through his counsel of record at the time, William Ruzzo, Esq., filed a 1925(b) statement on July 15, 1996, without a brief in support. (Exhibit B of Petition at 3, Doc. 1, Part 2 at 55.) In the 1925(b) statement, petitioner raised the following grounds for appeal: (1) the trial court erred when it denied petitioner's motion to suppress evidence, namely a quantity of cocaine, discovered and seized by Pennsylvania State Police in petitioner's automobile, and (2) evidence was seized without a warrant and outside any exception to a search warrant, as required by the Pennsylvania and United States constitutions. (Id.)

[3] 42 Pa. Cons. Stat. Ann. §§ 9541-9546.

support of petitioner's appeal to the Superior Court. (Exhibit D of Petition at 1-7, Doc. 1, Part 2 at 60-66.) He also sought reinstatement of his right to a direct appeal. The trial court appointed new counsel, and petitioner filed a new PCRA petition on July 8, 1997, asserting the same grounds for appeal. By order dated September 12, 1997, the trial court granted the petition and reinstated petitioner's right to a direct appeal *nunc pro tunc*. (Exhibit F of Petition at 5, Doc. 1, Part 2 at 79.) However, no direct appeal was pursued by petitioner.

On July 26, 2002, petitioner filed a *pro se* PCRA petition in the trial court with respect to the above-referenced judgments of sentence. The trial court denied the petition as untimely by order dated October 9, 2002, without appointing counsel. On October 21, 2002, petitioner appealed the denial of the petition to the Superior Court. The Superior Court vacated and remanded the order denying the PCRA petition by order and opinion dated September 3, 2003. The court held that the trial court should not have denied and dismissed petitioner's PCRA petition without appointing counsel.

The instant habeas petition also addresses criminal information no. 2463 of 1997. In that case, pursuant to a plea agreement, petitioner pleaded guilty to five (5) counts of possession with intent to deliver a controlled substance, unrelated to the previously issued criminal information nos. 3177 and 3178. On June 16, 1998, the trial court sentenced petitioner to an aggregate term of one hundred eighty (180) to three hundred forty (340) months of imprisonment. Petitioner filed a petition to modify or reduce the sentence, which the trial court denied on June 25, 1998. Petitioner, through court-appointed counsel, then filed an untimely notice of appeal to the Superior Court on July 31, 1998. However, the trial court docket was not transferred to the Superior Court and the record does not reflect that the Superior

Court ever quashed the appeal as untimely. (Exhibit G of Petition at 9, Doc. 1, Part 2 at 90.)

On October 7, 2002, petitioner filed a *pro se* PCRA petition in the trial court with respect to the judgment of sentence on criminal information no. 2463. The trial court denied this petition as untimely by order dated October 9, 2002, without appointing counsel. Petitioner, through court-appointed counsel, timely filed a notice of appeal in the Superior Court on October 21, 2002. By the same order and opinion dated September 3, 2003, as noted above with respect to criminal information nos. 3177 and 3178, the Superior Court vacated and remanded to the trial court the order denying the PCRA petition.

In their response to the instant habeas petition, respondents state that, following the Superior Court's September 3, 2003, order remanding the cases involving all the above-listed criminal informations, the trial court held a PCRA hearing on October 14, 2005. On January 31, 2006, the trial court granted the reinstatement of petitioner's appellate rights with respect to all three criminal informations. As a result, respondents filed a notice of appeal in the Superior Court on March 28, 2006. That appeal is presently pending in the Superior Court.[4]

In the instant habeas petition, petitioner raises the following grounds for relief. First, he claims that his convictions were obtained by use of evidence discovered and obtained pursuant to an unconstitutional search and seizure. Second, petitioner asserts that his convictions were obtained through a violation of

---

[4] Petitioner states in the instant habeas petition that he timely filed an appeal of the October 9, 2002 trial court order denying his PCRA petition, and that the appeal is currently being litigated. (Memorandum of law at 4, Doc. 1, Part 2 at 25, 26.) As noted herein, the Superior Court addressed that appeal in its order dated September 3, 2003, remanding the case to the trial court to readdress petitioner's right to appeal. After holding a PCRA hearing, the trial court reinstated petitioner's right to appeal. It is respondents' appeal of that order that is presently pending before the Superior Court.

his protection against double jeopardy.  Third, he claims that his conviction on criminal information no. 2463 was obtained through an unlawfully induced guilty plea.  Lastly, petitioner asserts that his counsel was ineffective for not raising on appeal any of the above-referenced issues related to his convictions, and, as a result, he was denied the right to a full and fair opportunity to appellate review on those issues.  Petitioner's memorandum of law in support of his petition, however, addresses only the timeliness of his former appeals and exhaustion.  Petitioner's arguments, based on statutory and equitable tolling, however, are no longer relevant because of the trial court's January 31, 2006, order reinstating petitioner's right to appeal in state court.  As noted above, an appeal of that order is presently pending before Pennsylvania's Superior Court.

**II.    Discussion**

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court.  28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993).  The exhaustion requirement is satisfied when the state courts have had an opportunity to review and correct alleged constitutional violations.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992).  The exhaustion requirement is not mere formality.  It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).  "Unless it would be patently futile to do so, [state prisoners] must seek relief

in state court before filing a federal habeas petition . . . ." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).[5]

A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state court. Picard v. Connor, 404 U.S. 270, 275 (1971). Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans, 959 F.2d at 1231; Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). "[I]f a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254 (b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515. Additionally, the exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition; it is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. Evans, 959 F.2d at 1230; Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).

---

[5] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994).

Turning to the instant petition, it is evident that petitioner has not exhausted his state judicial remedies with respect to the claims raised in his petition. Petitioner indicated in his memorandum of law in support of the present petition that he had appealed the October 9, 2002 trial court decision denying his PCRA petition.  However, in their response to the petition respondents assert that the Superior Court granted that appeal on September 3, 2003, remanding the case to the trial court.  After holding a PCRA hearing, by order dated January 31, 2006, the trial court reinstated petitioner's appellate rights.  Respondents have appealed that decision, which is presently pending before the Superior Court of Pennsylvania.  As such, it does not appear that the highest state court has been presented with the opportunity to review petitioner's grounds for relief raised in the instant petition. Further, there is no indication that the Pennsylvania courts have yet decided that they will no longer entertain the claims raised in this petition.[6]  Accordingly, the petition will be denied, without prejudice, for failure to exhaust state court remedies.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       March 6, 2007

---

[6] The court conducted computer-assisted legal research which failed to disclose any published underlying state court decision on respondents' appeal pending before the Superior Court of Pennsylvania.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD KISHBACH**, | : | CIVIL ACTION NO. 1:06-CV-01122 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **DAVID DIGUGLIELMO**, et al., | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 6th day of March, 2007, in accordance with the accompanying memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1, Parts 2-3) is **DENIED**, without prejudice, for failure to exhaust state court remedies.

2. The Clerk of Court is directed to **CLOSE** this case.

3. Based on the court's conclusion herein, there exists no basis for the issuance of a certificate of appealability.

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge